IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| § | |
| v. § | Criminal No. 1:17-cr-131-HSO-JCG-2 |
| § | |
| § | |
| TERRENCE BERNARD WILLIAMS § | |

## ORDER DENYING DEFENDANT TERRENCE BERNARD WILLIAMS' MOTION [86] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Terrence Bernard Williams' Motion [86] for Compassionate Release. For the reasons that follow, the Motion [86] should be denied.

### I. BACKGROUND

A.  Williams' conviction and sentence

Pursuant to a Plea Agreement [45] with the Government, on January 18, 2018, Defendant Terrence Bernard Williams ("Defendant" or "Williams") pleaded guilty to Count 2 of the Indictment [22] in this case, which charged that Williams and his co-Defendant,

> aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

Indictment [22] at 2. Count 2 carried a statutory maximum term of imprisonment of 20 years. *See* 21 U.S.C. § 841(b)(1)(C); PSR [62] at 1, 20 (filed under seal).

To assist the Court with sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [62] (filed under seal). To determine Williams' base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), the PSR considered the types and quantities of drugs attributable to Williams under the relevant conduct provisions of the Guidelines. *Id.* at 8-9. Because he possessed different types of controlled substances, the marijuana equivalency of each substance was obtained, which resulted in a total marijuana equivalency of 17,412.905 kg and thus a base offense level of 34. *Id.* (citing U.S.S.G. § 2D1.1(c)(3) (2016)).

Because Williams also possessed a firearm, a two-level enhancement was applied under § 2D1.1(b)(1) (2016). *Id.* at 9-10. After a three-level reduction for acceptance of responsibility, Williams' total offense level was calculated as 33, *id.* at 9-11, and with a total of 10 criminal history points, he was placed in a criminal history category of V, *see id.* at 14, yielding a Guidelines imprisonment range 210 to 262 months, *see id.* at 20. However, because the statutorily authorized maximum sentence of 20 years was less than the maximum of the Guideline range, Williams' range was capped at 210 months to 240 months. *Id.* (citing U.S.S.G. §5G1.1(c)(1) (2016)).

On May 21, 2018, the Court sentenced Williams to a 217-month term of imprisonment, followed by three years of supervised release. *See* J. [64]. Subsequently, on May 14, 2021, the Court reduced Williams' sentence to 144 months. *See* Order [85] at 1 (filed restricted access).

Williams, who is now 55 years old, is presently incarcerated at Federal Correctional Complex ("FCC") Coleman Medium in Coleman, Florida.  *See* Mot. [86] at 7; PSR [62] at 2 (filed under seal).   With a projected release date of June 20, 2027, he has served approximately 68% of his total 144-month sentence.  *See* Order [85] at 1 (filed restricted access); BOP Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 06/20/2027" for Terrence Bernard Williams, Register Number: 20574-043) (last visited Aug. 14, 2023).

B.     Williams' Motion [86]

On June 20, 2023, Williams filed the present pro se Motion [86] for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  *See* Mot. [86] at 1.[1] Williams asserts that his sentence should be reduced to avoid sentencing disparities because he was "overly sentenced" for actual methamphetamine when "there is no empirical bases for the sentencing commission's continual weight disparity between actual methamphetamine and methamphetamine mixture." *Id.* at 2 (citing *United States v. Nawanna,* 321 F. Supp. 3d 943 (N.D. Iowa 2018)).  Williams states that the Guidelines essentially use drug purity as a proxy for culpability, which he argues courts have established has never been true. *Id.* at 3.   According to Williams, the Sentencing Commission "created a 10-to-1 ratio for the methamphetamine guidelines . . . in the absence of any facts," *id.* at 4, and if actual and a mixture of

---

[1] Williams "requests that this motion be held in abeyance until November 1, 2023," in order to wait for anticipated "new amendments and changes in the sentencing guidelines."  Mot. [86] at 6.  Under the facts and circumstances of this case, and particularly since Williams has not exhausted available administrative remedies, the Court finds that this request is not well taken.

3

methamphetamine were "looked at as being the same," then his Guidelines range would only have been 77 to 96 months, *id.* at 5. Williams contends that this disparity constitutes an extraordinary and compelling reason warranting compassionate release. *See id.* at 5-6.

The Government opposes Williams' Motion [86], arguing that he has purportedly failed to exhaust administrative remedies. *See* Resp. [89] at 2. On the merits, the Government takes the position that the Motion should be denied because "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153." *Id.* at 3 (quoting *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (emphasis in original)). Even if Williams could seek compassionate release, the Government maintains that "Williams has not provided any evidence of 'extraordinary or compelling reasons' to reduce his sentence," *id.* at 4, and the 18 U.S.C. § 3553(a) factors weigh against his release, *id.* at 3-4.

## II. DISCUSSION

A.   Relevant legal authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)   in any case—

4

>   (A)   the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>       (i)   extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 567 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Although the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory. *Id.*

If exhaustion is satisfied, a sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has held that

>   a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the

5

> Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). In considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). A "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Jackson*, 27 F.4th at 1089.

Although the commentary to U.S.S.G. § 1B1.13 does not bind a court, it "may inform the district court's analysis" on the merits of a compassionate release request. *Id.* at 1090 (quotation omitted); *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)).

B.  Analysis

1.  Whether Williams properly exhausted administrative remedies

The Government argues that Williams has not exhausted his administrative remedies prior to seeking compassionate release. *See* Resp. [89] at 2. According to the Government's Response [89], "[t]here is no evidence in the record that Williams first submitted a request to the Director of the Bureau of Prisons to file a motion on

his behalf. Williams does not make any mention of seeking an administrative remedy in his brief." *Id.* Williams did not file a Reply or otherwise respond to the failure-to-exhaust issue raised by the Government.

Williams has not shown that he ever requested the BOP bring a motion on his behalf, which is the first step to exhaustion. *See Franco*, 973 F.3d at 567. Nor is there is any indication in the record that Williams "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A). Because Williams has not demonstrated that he exhausted his administrative remedies, which is a mandatory procedural requirement prior to seeking compassionate release in this Court, *see id.*; *Franco*, 973 F.3d at 567, his Motion should be denied for failure to exhaust.

2.  <u>Whether Williams' Motion should be granted on its merits</u>

Even if Williams had properly exhausted, the Court finds that the Motion is nevertheless not well taken and should be denied on the merits. As the Government argues, to the extent that Williams' Motion raises claims in the province of a direct appeal or a motion pursuant to 28 U.S.C. § 2255, he "cannot use § 3582(c) to challenge the legality or the duration of his sentence." *Escajeda*, 58 F.4th at 187; Resp. [89] at 3 (citing *Escajeda*, 58 F.4th at 187).

To the extent that Williams' claims can be viewed through the prism of a proper § 3582(c) request, he has not shown an extraordinary and compelling reason justifying compassionate release. First, Williams' complaints that the Guidelines

7

treat actual methamphetamine more harshly than a methamphetamine mixture are misplaced in his case, because his Guidelines calculations did not involve or use actual methamphetamine. *See* PSR [62] (filed under seal). Williams pled guilty to possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 2. *See* Indictment [22] at 2; Min. Entry, Jan. 18, 2018; Plea Agreement [45]. Although the PSR did contain a statement that "the amount involved in the conspiracy attributable to [Williams] as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual methamphetamine," PSR [62] at 3 (filed under seal), a reading of the PSR and its Guidelines computations reflects that this amount of actual methamphetamine was not used in determining the offense level or Williams' sentence. For example, the statutory maximum term of imprisonment for Williams' offense of conviction was 20 years for a Schedule II narcotic, *see* 21 U.S.C. § 841(b)(1)(C); PSR [62] at 20 (filed under seal), not between 10 years and life, which would have been the statutory term of imprisonment had it had been determined that Williams possessed with intent to distribute 50 grams or more of actual methamphetamine, *see* 21 U.S.C. § 841(b)(1)(A)(viii). Nor was actual methamphetamine used to calculate his offense level or his Guidelines range. *See* PSR [62] (filed under seal).

      Instead, in order to determine Williams' base offense level, the PSR utilized the Drug Quantity Table set forth in U.S.S.G. § 2D1.1 (2016) and considered the types and quantities of drugs attributable to him under the doctrine of relevant

8

conduct. *See* PSR [62] at 8-9 (filed under seal). Because Williams possessed different types of controlled substances, the marijuana equivalency of each substance was obtained. *Id.* at 8 (citing U.S.S.G. § 2D1.1(c)(3) (2016)). The two substances used by the PSR were "Marijuana" and "Methamphetamine," not actual methamphetamine. *Id.* Using the Guidelines' Drug Equivalency Tables, the PSR then calculated the equivalency as follows:

| Drug | Quantity Recovered/ Attributed (grams) | Marijuana Conversion Quantity (per gram) | Total Marijuana Equivalency (grams) | Total Marijuana Equivalency (kilograms) |
|---|---|---|---|---|
| Marijuana | 305.67 g | N/A | 305.67 g | .305 kg |
| Methamphetamine | 8,706.3 g | 2,000 g | 17,412,600 g | 17,412.6 kg |
| Total | | | 17,412,905.67 g | 17,412.905 kg |

*Id.* (emphasis in original).

This table further demonstrates that the PSR used methamphetamine, rather than actual methamphetamine, in its calculations. *See id.* Pursuant to U.S.S.G. § 2D1.1(D) (2016), 1 gram of methamphetamine is equivalent to 2 kilograms (or 2,000 grams) of marijuana, as shown in the foregoing table from Williams' PSR. *See id.*; U.S.S.G. § 2D1.1(D) (2016). Using actual methamphetamine would have resulted in a much larger equivalency because 1 gram of "Methamphetamine (Actual)" equates to 20 kilograms (or 20,000 grams) or marijuana. U.S.S.G. § 2D1.1(D) (2016). Plainly, 20,000 grams of marijuana was not used to calculate Williams' offense level.

Had Williams' PSR considered actual methamphetamine in the equivalency calculation for his offense level, the total marijuana equivalency would have been 174,126,000 grams, or 174,126 kilograms, of marijuana, which would have resulted in a higher base offense level of 38, rather than 34. *See* U.S.S.G. § 2D1.1(c)(1), (3) (2016). With a two-level firearm enhancement under § 2D1.1(b)(1) and a three-level reduction for acceptance of responsibility, Williams' total offense level under the Guidelines would have been 37, rather than 33. *See* PSR [62] at 9-11 (filed under seal). And, with a criminal history category of V, *see id.* at 14, Williams' Guidelines imprisonment range would have been 324 to 405 months, as opposed to the actual range of 210 to 240 months. *See id.* at 20. In light of Williams' misapprehension concerning the use of actual methamphetamine in his Guidelines calculation, the Court finds no extraordinary and compelling reason warranting Williams' release.[2]  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

C.   Whether the § 3553(a) factors weigh in favor of early release

Even if Williams had presented evidence of an extraordinary and compelling reason under § 3582(c)(1)(A), the § 3553(a) factors weigh against his release. Relevant factors include, among other things, the nature and circumstances of the offense of conviction and the history of Defendant; the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes of the Defendant; and the need to avoid

---

[2] Even if the PSR had used actual methamphetamine in the Guidelines calculations, the Court is not persuaded that Williams has shown that this was an "extraordinary and compelling reason" warranting release under § 3582(c)(1)(A)(i).

10

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

According to the PSR, Williams has a rather extensive criminal history. *See* PSR [62] at 11-14 (filed under seal). He was serving a term of post-release supervision for a state-court grand larceny conviction when he was arrested for the instant offense. *See id.* at 13. Williams had a criminal history score of eight under the Guidelines, placing him in a criminal history category of V. *See id.* at 14. His sentence was later reduced to 144 months. *See* Order [85] at 1 (filed restricted access). Based upon a projected release date of June 20, 2027, Williams has roughly 46 months remaining to serve on his term of imprisonment, meaning he has served only approximately 68% of his reduced sentence. *See id.*; BOP Inmate Locator, https://www.bop.gov/ inmateloc/ (stating "Release Date: 06/20/2027" for Terrence Bernard Williams, Register Number: 20574-043) (last visited Aug. 14, 2023).

The Court considers significant here the seriousness of the offense of conviction as well as the relatively short length of time Williams has served for his crime, particularly in light of the amount of narcotics involved in the offense. In addition, considering the totality of the record before it, the Court finds that releasing Williams from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence, nor would it avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).

In sum, the factors set forth in 18 U.S.C. § 3553(a) weigh against reducing Williams' sentence. Considering the totality of the record before it, the Court finds that Williams' Motion [86] is not well taken and should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Terrence Bernard Williams' Motion [86] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of August, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE